UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY WELCH,

    Plaintiff,

v.                                             Case No. 3:16cv590-LC-CJK

WALTON CORRECTIONAL
INSTITUTION, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for temporary restraining order. (Doc. 2). In this action, plaintiff alleges correctional officer Linda Russell "composed a fictitious disciplinary report against [him] to cause harm." After video evidence confirmed the disciplinary report was false, the Inspector General transferred plaintiff from Walton Correctional Institution ("Walton CI") to Holmes Correctional Institution ("Holmes CI"). Plaintiff indicates he "procured harassment and threats" when he arrived at Holmes CI. He asserts several Holmes CI employees were previously employed at Walton CI. Plaintiff requests "to be removed from this region" and appears to seek an injunction that prohibits prison officials from retaliating against him.

Plaintiff's motion should be denied because it is based on speculation. Plaintiff is no longer confined at Walton CI, the institution where defendant Russell allegedly wrote plaintiff the false disciplinary report. He has identified no connection between defendant Russell and the alleged harassment at Homes CI and has not established he will suffer irreparable injury if the requested relief is not granted. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury"). Moreover, plaintiff is not seeking injunctive relief from defendant Russell. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (finding court lacked subject-matter jurisdiction to issue preliminary or permanent injunction against non-party). Also, and, as a general matter, this court is not authorized to order the Florida Department of Corrections to house inmates in particular facilities within the penal system

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion for temporary restraining order (doc. 2) be DENIED.

At Pensacola, Florida, this 14th day of February, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

Case No. 3:16cv590-LC-CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:16cv590-LC-CJK