UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY WELCH,

    Plaintiff,

v.                                    Case No. 3:16cv590-LC-CJK

LINDA RUSSELL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida Department of Corrections currently confined at Holmes Correctional Institution ("Holmes CI"). He has filed an "Emergency Injunction" motion (doc. 10) and a motion for summary judgment (doc. 20).

In the "Emergency Injunction" motion, plaintiff asserts his "well being and [his] constitutional rights are threatened while [he is] at Holmes C.I." He complains that officers at Holmes CI threatened him and issued him a false disciplinary report for lewd and lascivious exhibition. As relief, he requests that "everyone involved should take a lie test[.]"

The "Emergency Injunction" motion should be denied. The alleged events at Holmes CI are not related to the claims raised in plaintiff's civil rights complaint.

Furthermore, the court cannot enter an injunction against third parties. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (11th Cir. 2012) ("It is well recognized that courts may not enter injunctions against persons or entities that [a]re not party to the litigation before them.").

With respect to the motion for summary judgment, plaintiff states "there is no need to have a trial, or to keep this case on the docket when a summary judgment by this court in [plaintiff's] favor could handle everything." He suggests there is no factual dispute "that Linda Russell did commit the crime of official misconduct against [plaintiff] which put [him] in confinement for 100 days and [caused the loss of] gain time, defamation of character, mental stress, violation of due process, and more."

The motion for summary judgment should also be denied. The court has not completed screening of the complaint under 28 U.S.C. § 1915(e)(2)(B) and no defendants have been served. Plaintiff has not established "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's "Emergency Injunction" motion (doc. 10) be DENIED.

2. That plaintiff's motion for summary judgment (doc. 20) be DENIED.

Case No. 3:16cv590-LC-CJK

At Pensacola, Florida, this 19th day of June, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.