UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY WELCH,

     Plaintiff,

v.                                                     Case No. 3:16cv590-LC-CJK

ALICEN FORD,

     Defendant.
_____/

<u>REPORT AND RECOMMENDATION</u>

Before the court is defendant's motion to dismiss (doc. 56) and plaintiff's response in opposition (docs. 58, 60). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions, the undersigned concludes the motion should be granted based on plaintiff's failure to exhaust his administrative remedies and failure to state a claim upon which relief can be granted.

BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently in the custody of the Florida Department of Corrections ("FDOC") at Mayo Correctional Institution. The fourth amended complaint names Alicen Ford, a classification

officer at Walton Correctional Institution ("Walton CI"), as the sole defendant. (Doc. 52). The complaint sets forth the factual allegations that follow.

At Walton CI in June 2016, correctional officer Linda Russell wrote plaintiff a disciplinary report ("DR") charging plaintiff with committing a lewd and lascivious act. As a result, plaintiff was placed in confinement. About a week later, the DR was overturned based on video evidence. Defendant Ford, however, kept plaintiff in confinement for 100 days until he was transferred to Washington Correctional Institution. While in confinement, plaintiff requested information from defendant, but defendant did not respond. Plaintiff submitted multiple grievances concerning defendant's failure to respond to the requests, including a grievance titled "official misconduct." Plaintiff alleges defendant transferred him in retaliation for filing the grievances. A classification officer at Holmes Correctional Institution told plaintiff the electronic record identified the reason for the transfer as official misconduct.

Based on the foregoing, plaintiff alleges defendant: (1) violated the Fourteenth Amendment by leaving plaintiff in confinement for 100 days; and (2) violated the First Amendment by transferring plaintiff in retaliation for filing grievances. As relief, he seeks nominal damages of $1.00. Defendant moved to dismiss the fourth amended complaint, arguing plaintiff failed to exhaust his administrative remedies

as required by the Prison Litigation Reform Act ("PLRA"), and failed to state a claim upon which relief can be granted.  (Doc. 56).

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).  A few exceptions exist to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice.  *See* 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008).  Further, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  Mere "labels and conclusions" are not accepted as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft*

Case No. 3:16cv590-LC-CJK

*v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *See id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

## DISCUSSION

Defendant first argues plaintiff failed to exhaust his administrative remedies regarding his stay in confinement and transfer between prisons. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative

remedies is a mandatory precondition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See Booth*, 532 U.S. at 734, 741. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See id.* at 741 n.6. Moreover, the PLRA requires "proper exhaustion" so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006); *see also id.* at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). A court must dismiss an action if satisfied the plaintiff failed to properly exhaust his available administrative remedies before filing suit. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

The grievance procedures promulgated by the FDOC generally require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the

Office of the Secretary.  *See* Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also*

*Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

The defense of failure to exhaust should be treated as a matter in abatement.

*See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008).  "This means that

procedurally the defense is treated 'like a defense for lack of jurisdiction,' although

it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.

2008) (*quoting Bryant*, 530 F.3d at 1374).  Because exhaustion is a matter in

abatement, "it should be raised in a motion to dismiss, or be treated as such if raised

in a motion for summary judgment."  *Bryant*, 530 F.3d at 1374-75 (citation and

internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies

involves two steps.  *See Turner*, 541 F.3d at 1082.  "First, the court looks to the

factual allegations in the defendant's motion to dismiss and those in the plaintiff's

response, and if they conflict, takes the plaintiff's version of the facts as true.  If, in

that light, the defendant is entitled to have the complaint dismissed for failure to

exhaust administrative remedies, it must be dismissed." *Id*. (*citing Bryant*, 530 F.3d

at 1373-74).

"If the complaint is not subject to dismissal at the first step, where the

plaintiff's allegations are assumed to be true, the court then proceeds to make

specific findings in order to resolve the disputed factual issues related to

exhaustion." *Id.* (*citing Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* (*citing Jones v. Bock*, 549 U.S. 199, 216 (2007)). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

Here, plaintiff was required to exhaust his administrative remedies before November 3, 2016, the date he turned the initial complaint over to prison officials for mailing. (Doc. 1); *see Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.). Defendant argues plaintiff's claims should be dismissed because the only appeal he filed did not concern defendant's actions, and the appeal was returned without action for failure to comply with the FDOC's rules regarding grievances.

To support the exhaustion defense, defendant submitted the declaration of Lawanda Sanders, the records custodian of all inmate grievance appeals, to the Secretary of the FDOC. (Doc. 56-1). The declaration and attached records establish plaintiff filed one grievance appeal in 2016 related to the allegations in the fourth amended complaint. That appeal, dated July 26, 2016, stated: (1) Sergeant Russell wrote plaintiff a false DR; (2) an informal grievance plaintiff filed concerning

Russell's conduct had not been answered by Walton CI officials; and (3) an informal

grievance plaintiff filed concerning the lack of response to the initial informal

grievance had also gone unanswered. (Doc. 56-1, p. 8). The appeal requested that

Russell be punished, but it was returned without action because plaintiff did not

include "a copy of the formal grievance filed at the institutional level as required by

rule or the reason [he] provided for by-passing that level of the grievance procedure

is not acceptable."[1] (*Id.*, p. 7-8).

Defendant also submitted the declaration of Sherra Sadler, a Correctional

Sentence Specialist at Mayo CI. (Doc. 56-2). Sadler states she "reviewed the

available grievance records at Mayo C.I. for inmate Johnny Welch, DC#G05492, for

formal and informal grievances filed between June 1, 2016 and December 31, 2016

related to any allegations against Alicen Ford related to her retaliating against him

or denying him due process." (*Id.*, p. 1). Sadler located two informal grievances

plaintiff filed regarding defendant. The first complains defendant failed to respond

---

[1] The FDOC's rules provide that "[f]ollowing the initial receipt of an informal grievance, a written response shall be completed within 10 calendar days." Fla. Admin. Code r. 33-103.011(3)(a). If an inmate does not receive a timely response to a grievance, he is permitted to proceed to the next step of the grievance process. *See* Fla. Admin. Code r. 33-103.011(4) ("[E]xpiration of a time limit at any step in the process shall entitle the complainant to proceed to the next step of the grievance process. If this occurs, the complainant must clearly indicate this fact when filing at the next step."). In the July 26 grievance appeal, plaintiff did not state he attempted to file a formal grievance after failing to receive timely responses to his informal grievances. Thus, the grievance appeal was correctly returned without action. *See* Fla. Admin. Code r. 33-103.014(f), (g) (a grievance appeal may be returned without processing if an inmate fails to provide a valid reason for bypassing the previous levels of review or does not properly attach the previously-filed formal grievance and response).

to plaintiff's requests for information regarding "'DR' information amalgamated with [his] administrative confinement which is located in the 'Offender Base Information System." (*Id.*, p. 3). Defendant responded, stating "you are currently under investigation per Inspector Harris, any questions or concerns pertaining to you being in confinement needs to be addressed to her." (*Id.*).

In the second informal grievance, plaintiff stated he had been in confinement for almost three months; he asked to either be released from confinement, or made an orderly. (*Id.*, p. 4). Defendant responded and informed plaintiff: (1) he was awaiting transfer and would not be released from confinement until the transfer; and (2) he was not eligible to be a confinement orderly due to his past DR history. (*Id.*, p. 5).

The foregoing evidence shows plaintiff did not exhaust his retaliation claim. Plaintiff did not reference retaliation or his transfer in any of the grievances he filed concerning defendant. *See Martinez v. Minnis*, 257 F. App'x 261, 265 n.5 (11th Cir. 2007) (finding inmate who filed grievance concerning placement in special housing unit failed to exhaust retaliation claim because grievance "did not mention retaliation or use any words synonymous with or indicating retaliation, nor did it provide the BOP with notice of allegedly retaliatory action or the opportunity to correct it"). And he did not file an appeal to the Secretary regarding defendant's alleged retaliation before bringing this action.

In response to the motion to dismiss, plaintiff states, "[i]n the defendant's motion to dismiss the main issue of unconstitutional transfer was not addressed, nor researched.  I did exhaust the issue concerning transfer for filing grievances titled official misconduct . . . not only a grievance against the defendant.  Because I am pro se I cannot do the same search as the defendant's attorney."  (Doc. 58).

Plaintiff's unsupported assertion that he exhausted administrative remedies concerning his transfer is conclusory and insufficient to defeat defendant's motion, which is supported by declarations and copies of the grievances plaintiff filed.  *Cf. Huff v. Neal*, 555 F. App'x 289, 294 (5th Cir. 2014) ("[A prisoner's] unsupported allegations that he did exhaust his remedies are insufficient to defeat the motion for summary judgment.).  The undersigned has also reviewed a recently-filed motion for appointment for counsel, in which plaintiff elaborated on his claim that he exhausted his administrative remedies:

> I filed an informal grievance concerning my transfer (unconstitutional).  I procured no response, then I followed Fla. Admin. Code 33-103.011(4) which allows for me to bypass—I did and procured no response (my theory is that the institution may not have sent it out)[.]  Then I wrote a letter of complaint to the office of Julie Jones—I procured no response.  I had assumed that Fla. Admin. Code 33-103.011(4) allowed me to move forward to the civil action.

(Doc. 59, p. 3).

Plaintiff's explanation does not hold water.  On September 13, 2016, defendant notified plaintiff he was being transferred away from Walton CI.  (Doc.

56-2, p. 5).  Even assuming plaintiff filed an informal grievance about the transfer on that date, he could not have exhausted the grievance process in the manner he describes before bringing this case on November 3, 2016.  The FDOC's rules give prison officials 10 days to respond to an informal grievance, 20 days to respond to a formal grievance, and 30 days to respond to a grievance appeal.  *See* Fla. Admin. Code r. 33-103.011(3)(a)-(c).  Because an inmate may only proceed to the next step of the grievance process (or pursue a civil action) upon expiration of the time limit at the preceding step, plaintiff was required to wait a minimum of 60 days from the filing of the informal grievance before filing a civil rights complaint regarding his transfer.  *See* Fla. Admin. Code r. 33-103.011(4).  The length of time between September 13 and November 3, however, is 51 days.  Thus, plaintiff could not have properly exhausted the grievance process, and his First Amendment retaliation claim should be dismissed.

Plaintiff also failed to exhaust the grievance process with  respect to his due process claim.  Plaintiff did file an informal grievance requesting to be released from confinement or to be made an orderly.  (Doc. 56-2, p. 4).  Defendant's response informed plaintiff he would not be released from confinement until after his transfer, and he was not eligible to be an orderly because of his DR history.  (*Id.*, p. 5).  The response was not expressly marked "denied," but it clearly denied plaintiff the relief he sought, as well as informed him of the option of obtaining further administrative

review of his complaint.  (*Id.*).  Plaintiff, therefore, was required to complete the grievance process by filing a formal grievance and, if necessary, an appeal to the Secretary.  Because plaintiff did not do so, his due process claim should be dismissed.  Notably, plaintiff's response to the motion to dismiss does not argue he exhausted the allegations about being left in confinement; instead he asserts only that he exhausted his administrative remedies regarding his transfer.

Nevertheless, even assuming plaintiff did exhaust the grievance process with respect to his stay in confinement, the fourth amended complaint fails to state a due process claim because plaintiff's allegations do not demonstrate he was deprived of a constitutionally-protected liberty interest.[2]  "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citation omitted).  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant

---

[2] In his response to the motion to dismiss, plaintiff did not address defendant's argument that the complaint fails to state a due process claim.

hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (citations omitted).

As defendant notes, the fourth amended complaint does not contain allegations suggesting plaintiff's time in confinement imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life. The complaint does not describe the conditions plaintiff was subject to while in confinement. Furthermore, the duration of the confinement—100 days—is generally not so prolonged as to implicate a liberty interest. *Compare Sealey v. Giltner*, 197 F.3d 578 (2d Cir. 1999) (holding 101-day confinement in special housing unit did not implicate protected liberty interest) *and Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding inmate did not show he "was deprived of a constitutionally protected liberty interest as defined in *Sandin*" where he was held in confinement for approximately 2 months) *with Magluta v. Samples*, 375 F.3d 1269, 1282 (11th Cir. 2004) (holding pretrial detainee was entitled to due process when confined "in solitary confinement . . . , locked in an extremely small, closet-sized space, and with minimal contact with other human beings for a prolonged time exceeding 500 days") *and Williams v. Fountain*, 77 F.3d 372, 374 n.3 (11th Cir. 1996) (assuming full year of disciplinary confinement is atypical).

In addition, plaintiff cannot state a due process claim based on defendant's failure to respond to inmate requests or grievances. *See Bingham v. Thomas*, 654

F.3d 1171, 1177 (11th Cir. 2011) (holding inmate has no constitutionally-protected liberty interest in access to a prison's grievance procedure); *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."). Thus, plaintiff's due process claim against defendant should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.    That defendant Alicen Ford's motion to dismiss (doc. 56) be GRANTED and plaintiff's claims be DISMISSED.

2.    That all pending motions be DENIED AS MOOT.

3.    That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of May, 2018.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:16cv590-LC-CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.